IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JONATHAN ANIBAL CLAUDIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-1135-D |
| | ) | |
| FNU/LNU, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, initiated this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Doc. No. 1 ("Comp."). This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Following the requisite screening of Plaintiff's Complaint, the undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma.

I. Plaintiff's Claims

Plaintiff is currently incarcerated at the Lawton Correctional Facility located in Lawton, Oklahoma. Comp. at. 1. By this lawsuit, he contends that members of the Tulsa Police Department and Tulsa County Sheriff's Department violated his constitutional rights in November 2018. In his Complaint, Plaintiff

explains that on November 27, 2018, Defendant Michael Snyder, a police officer with the Tulsa Police Department, arrested him and in doing so, violated his constitutional rights. *Id.* at 1-2. He also states that Defendant Destiny Wilkinson, Tulsa County Sheriff's Deputy and a correctional officer at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma, violated his constitutional rights by using excessive force against him. *Id.* at 1-3. Plaintiff also alleges the Tulsa Police Department and the Tulsa County Sheriff's Department conspired to deprive him of his constitutional rights. *Id.* at 3.

II. Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). After conducting an initial review, a court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Additionally, one aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]he court acting on its own motion, may

2

raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

III. <u>Analysis</u>

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1), (2).

Venue for this matter lies in the Northern District of Oklahoma. Based on the Complaint, it appears every "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" in Tulsa, Oklahoma located in Tulsa County. Moreover, it is likely Defendants, who are primarily Tulsa Police Department and Tulsa County Sheriff's Department officials, reside in Tulsa County as well. The County of Tulsa, State of Oklahoma is located within the Northern District of Oklahoma. 28 U.S.C. § 116(a).[1] Thus, venue is proper in that court. 28 U.S.C.

---

[1] The undersigned judicially notices the location of Tulsa County, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

§ 1391(b)(2).

## RECOMMENDATION

The undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   November 30th , 2020, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see*, *c.f.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

As Plaintiff's i*n forma pauperis* status should be determined by the Northern District of Oklahoma, this Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this   10th  day of November, 2020.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

5